IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| MAY ANN BENELL,<br><br>PLAINTIFF,<br><br>vs.<br><br>ROUTHMEIR STERLING, INC.,<br><br>DEFENDANT. | Civil Action No. _____<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, May Ann Benell ("Plaintiff") by and through her attorney, L. Ashley Zubal, for her Complaint against the Defendant, Routhmeir Sterling, Inc. ("Defendant"), alleges as follows:

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, May Ann Benell, is a natural person residing in Moulton, Iowa.

4. Defendant, Routhmeir Sterling, Inc., is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to HSBC, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.  FACTUAL ALLEGATIONS

10. The Plaintiff began receiving calls from the Defendant at her place of employment during the first week of March, 2010. The Defendant's communication with Plaintiff was an attempt to collect a debt. The Plaintiff expressed to Defendant's representative, "Judy," that she was not allowed to receive calls at work and to cease contacting her at the Plaintiff's place of employment.

11. Subsequent to the first telephonic communication at Plaintiff's place of employment, the Defendant contacted the Plaintiff's place of employment on at least four additional occasions and spoke with Plaintiff's co-worker, a Ms. Mary Jo Ebbers. Certain disclosures were made to Ms. Ebbers during the calls which included but are not limited to disclosure that the Plaintiff allegedly owed a debt, a request of the Defendant to serve papers at the Plaintiff's work, and that they wished to speak with the Plaintiff with regard to a payment that was unable to be processed. During each call the Defendant failed to state the call was from a debt collector. The calls were placed and information disclosed without the Plaintiff's permission.

12. On at least one occasion, the Defendant contacted the Plaintiff's place of employment and spoke with the head of the Human Resources Department, a Ms. Tonya Claussen. The Defendant's representative, "Judy," disclosed that the Plaintiff owed an alleged debt and stated that they wished to serve papers on the Plaintiff. Defendant's representative failed to disclose the

call was from a debt collector. The calls were placed and information disclosed without the Plaintiff's permission.

13. On at least two occasions, Defendant's representative, "Judy," spoke with the Plaintiff's friend, Mr. Robert Richardson, in an attempt to reach the Plaintiff. Defendant's representative failed to state the call was from a debt collector and disclosed the fact that the Plaintiff owed an alleged debt. The calls were placed and information disclosed without the Plaintiff's permission.

14. On one occasion the Plaintiff returned a phone call to the Defendant. The Plaintiff requested a bill to verify the amount she owed before she agreed to make a payment. The Plaintiff's representative, "Judy," expressed that she would see the Plaintiff in court before she would receive a bill.

15. As a result of the above-referenced communications, the Plaintiff has experienced the following including, but not limited to: embarrassment, humiliation, frustration, anger, stress, loss of sleep and anxiety.

## V.     FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15.

17. Routhmeir Sterling, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff with written verification of the debt within five days of the initial verbal communication.

   b. The Defendant violated 15 U.S.C. § 1692b(2)(3) by disclosing information with regard to the debt to third parties and by contacting the same third party on more than one occasion without a request to do so.

   c. The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff.

   d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

  e. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

  f. The Defendant violated 15 U.SC. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

  g. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  h. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

  i. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

18. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

20. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Routhmeir Sterling, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

  a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692g(a); 1692b(2)(3); 1692c(b); 1692d(5); 1692e(2)(a); 1692e(5); 1692e(10); 1692e(11); and 1692f.

  b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or

      at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.

c. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the fact that the Plaintiff owes an alleged debt to third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment and more than once in a one month period.

d. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

e. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

23. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

 /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF